UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Mei Chun Poon, individually and on behalf all other
employees similarly situated,

                                        Plaintiff,

                    - against -

Apple NYC Corp., d/b/a Apple NYC Day Spa, Touch of
East Nails Spa Inc., and Wen Chen

                                        Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT**

Plaintiff Mei Chun Poon ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Apple NYC Corp., d/b/a Apple NYC Day Spa, Touch of East Nails Spa Inc., and Wen Chen (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) overtime compensation, (3) unpaid "Spread of Hours" premium (4) unpaid agreed upon wages, (5) unlawful retention of tips, (6) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (7) liquidated damages equal to the sum of unpaid minimum, unpaid overtime compensation, and unpaid "spread of hours" premium pursuant to the NY Wage Theft Prevention Act, (8) prejudgment and post-judgment interest; and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Mei Chun Poon is a resident of the Queens and was employed as a nail technician and masseuse by Defendants Apple NYC Corp., d/b/a Apple NYC Day Spa, with its

principal place of business at 677 Amsterdam Avenue, New York, NY 10025, from July 2013 to November 19, 2017.

## **CORPORATE DEFENDANTS**

8.    Upon information and belief, Corporate Defendant, Apple NYC Corp., d/b/a Apple NYC Day Spa, is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 677 Amsterdam Avenue, New York, NY 10025.

9.    Upon information and belief, at all times relevant hereto, Apple NYC Corp., d/b/a Apple NYC Day Spa, is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

10.    Upon information and belief, at all relevant times hereto, Apple NYC Corp., d/b/a Apple NYC Day Spa have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

11.    Apple NYC Corp., d/b/a Apple NYC Day Spa constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

12.    Apple NYC Corp., d/b/a Apple NYC Day Spa has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

13.    Upon information and belief, Corporate Defendant, Touch of East Nails Spa Inc., is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 11 West 20th St. New York, NY 10011.

14.     Upon information and belief, at all times relevant hereto, Touch of East Nails Spa Inc., is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

15.     Upon information and belief, at all relevant times hereto, Touch of East Nails Spa Inc. have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

16.     Touch of East Nails Spa Inc. constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

17.     Touch of East Nails Spa Inc. has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

18.     Upon information and belief, Defendant Wen Chen is the owner, officer, director and/or managing agent of Apple NYC Corp., d/b/a Apple NYC Day Spa at 677 Amsterdam Avenue, New York, NY 10025 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Apple NYC Corp., d/b/a Apple NYC Day Spa.

19.     Upon information and belief, Defendant Wen Chen owns the stock of Apple NYC Corp., d/b/a Apple NYC Day Spa and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 1).

20.    Upon information and belief, Defendant Wen Chen is the owner, officer, director and/or managing agent of Touch of East Nails Spa Inc., at 11 West 20th St. New York, NY 10011 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Touch of East Nails Spa Inc.

21.    Upon information and belief, Defendant Wen Chen owns the stock of Touch of East Nails Spa Inc., and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 1).

22.    At all times relevant herein, Apple NYC Corp., d/b/a Apple NYC Day Spa was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

23.    At all times relevant herein, Touch of East Nails Spa Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

24.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Apple NYC Corp., d/b/a Apple NYC Day Spa and Touch of East Nails Spa Inc.

25.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages and overtime compensation, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

26.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

27.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

28.    Defendants knew that the nonpayment of minimum wages, overtime pay, spread of hours premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

**Plaintiff Mei Chun Poon**

29.    From July 2013 to November 12, 2017, Plaintiff Mei Chun Poon was hired by Defendants to work as a nail technician and masseuse for Defendants' Spas.

30.    During the months of November until February, Plaintiff worked the following schedule: she worked four (4) days a week from 10:15 a.m. to 8:30 p.m., was not provided with an hour break, and worked approximately forty-one (41) hours per week for a daily rate of $75.00.

31.    During the months of March until October, Plaintiff worked the following schedule: five (5) days a week from 10:15 a.m. to 8:30 p.m. Whenever Plaintiff's coworkers called out, Plaintiff was required to cover their absence which at times would require Plaintiff to work 6 or 7 days per week. Plaintiff was not provided with an hour break, and worked between fifty-one point twenty-five (51.25) and seventy-one point seventy-five (71.75) hours per week for a daily pay of $75.00.

32.    During all relevant periods, Plaintiff would be assigned by Defendant Wen Chen to perform facials for Touch of East Nails Spa Inc. at 11 West 20th St. New York, NY 10011.

33.    Plaintiff was paid weekly and in cash throughout her employment with the Defendants.

6

34.     Plaintiff was not compensated by Defendants in the amount of $1,878 for work performed.

35.     During all relevant mentioned periods, Plaintiff was paid a fixed daily rate of $75.00 instead of the required minimum of $10.50 per hour for Small Employers (10 or less) or $11.00 per hour for Large Employers (of 11 or more). Defendants did not provide Plaintiff with the required minimum wage according to state and federal laws.

36.     Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

37.     During all relevant mentioned periods, Plaintiff received tips from the customers, averaging $40-$50 per week.

38.     During all relevant mentioned periods, Defendants would deduct and retained 10% of all credit card tips provided to Plaintiff.

39.     Defendants are not entitled to tip credit with respect to Plaintiff and all other tipped employees given Defendants' failure to (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees.

40.     Defendants did not provide Plaintiff with a wage notices at the time of her hiring.

41.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

42.     Defendants knew that the nonpayment of minimum wages, overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

43.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Plaintiff and the FLSA Collective Action Members' workdays frequently lasted longer than 10 hours.

45.     Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

46.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

47.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

48.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

49.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

50.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

51.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their four finishing locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

52.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

53.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

54.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either

inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

55.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

56.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a.    Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.    Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c.    Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d.    Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

57.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58.  Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

59.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.  At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

61.  At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

62.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

63.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

64.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

65.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

66.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff]**

67.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68.    At all relevant times, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

70.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay them minimum wages in the lawful amount for hours worked.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

73.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

74.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

75.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

76.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

77.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

78.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

### COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

79.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

81.    Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the NYLL.

82.    Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

### COUNT V
### [Violation of New York Labor Law—Spread of Hour Pay]

83.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

85.     Defendants' failure to pay Plaintiff's and FLSA Collective spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of the Fair Labor Standards Act — Improper Retention of Tips**
**Brought on behalf of Plaintiffs and the FLSA Collective]**

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     Plaintiff brings this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

88.     The FLSA prohibits any arrangement between the employer and a tipped employee whereby any part of the tip received becomes the property of the employer. A tip is the sole property of the tipped employee.

89.     Upon information and belief, Defendants did not allow Plaintiffs and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained portions of the tips earned by Plaintiffs and the FLSA Collective.

90.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

91.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

92.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

**COUNT VII**
**[Violation of New York Labor Law Unlawful —Retention Gratuities Under NYLL]**

93.     Plaintiff re-alleges and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

94.     At all times relevant to this action, Plaintiff was employed by some or all of the Defendants within the meaning of NYLL §§ 2 and 651.

95.     NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

96.     Defendants retained part of Plaintiff's gratuities for unauthorized purpose in violation of NYLL § 196-d.

97.     Defendants' retention of Plaintiff's gratuities was willful.

98.     Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal to one quarter of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

**COUNT VIII**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

99.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

100.    The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

101.    Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT IX**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

102.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

103.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §198-1(d).

104.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or

after each Plaintiff's payday.

105.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## Prayer for Relief

WHEREFORE, Plaintiff, on behalf of herself and the FLSA collective members, respectfully requests that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)    An injunction against Apple NYC Corp., d/b/a Apple NYC Day Spa, Touch of East Nails Spa Inc. and  its officers, agents, successors, employees, representatives and any and all

persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages and minimum wages due to Plaintiff under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

g)      An award of unpaid overtime wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

h)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation and "spread of hours" premium pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

19

o)       Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)       Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York
         November 29, 2017

                                        **HANG & ASSOCIATES, PLLC**

                        By:    /s/ Jian Hang
                                 Jian Hang, Esq.
                                 136-20 38th Ave., Suite #10G
                                 Flushing, New York 11354
                                 Telephone:  (718) 353-8588
                                 Email: *jhang@hanglaw.com*
                                 *Attorneys for Plaintiff(s)*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by APPLE NYC CRP., TOUCH OF EAST NAIL SPA INC., Chen Wen, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*MEI CHUN POON*

Full Legal Name (Print)

Signature

*11/27/2017*

Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

To: Wen Chen

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Mei Chun Poon, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Apple NYC Corp. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: November 29, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR
SERVICES RENDERED**

To: Wen Chen

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Mei Chun Poon, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Touch of East Nails Spa Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them or the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: November 29, 2017

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

    Apple NYC Corp.
    1656 Hillside Avenue,
    New Hyde Park, NY 11040

    PLEASE TAKE NOTICE, that Mei Chun Poon, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

    Dated: November 29, 2017

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO:

Touch of East Nails Spa Inc.
11 West 20th St.
New York, NY 10011

PLEASE TAKE NOTICE, that Mei Chun Poon, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: November 29, 2017